**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4305**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL MARTINEZ TAPIA, a/k/a Samuel Martinez, a/k/a Samuel Martinez Tapia, a/k/a Frank Cervantes, a/k/a Ariel Vargas, a/k/a Max Hernandez-Tapia,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:16-cr-00089-BO-1)

Submitted: December 19, 2017                    Decided: December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Martinez Tapia pleaded guilty to illegal reentry of an alien subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and was sentenced to 27 months' imprisonment. Tapia appeals, and argues that his sentence is not substantively reasonable. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We examine substantive reasonableness considering the totality of the circumstances. *Id.* "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Tapia posits that his sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). We conclude that the sentence is substantively reasonable. The district court meaningfully considered defense counsel's suggestions for a lower sentence and explained its chosen sentence, and Tapia has not rebutted the presumption of reasonableness we accord to his within-Guidelines-range sentence.

We therefore affirm Tapia's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2